# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

RICHARD BRATTON,                    )
                                    )
    Plaintiff,              )
                                    )
v.                                  )          CAUSE NO.: 1:12-CV-169-TLS
                                    )
THOMAS LAW FIRM, PC, and            )
TOTAL RECOVERY SERVICES, INC.,      )
                                    )
    Defendants.             )

## OPINION AND ORDER

This matter is before the Court on a Motion for Attorneys' Fees and Costs [ECF No. 12] filed by the Plaintiff, Richard Bratton, on September 12, 2012. The Plaintiff attached numerous exhibits to his Motion, including a Bill of Costs [ECF No. 12-17]. The Plaintiff asks the Court to award him $3,062.50 in attorneys' fees and $425.00 in costs. The Defendants filed a Response [ECF No. 13] on September 26, challenging portions of the attorneys' fees request and the Bill of Costs. The Plaintiff filed a Reply [ECF No. 14] along with an additional exhibit on October 3. The Plaintiff's Motion is now ripe for ruling.

## BACKGROUND

On May 25, 2012, the Plaintiff filed a Complaint [ECF No. 1] bringing suit against the Defendants, Thomas Law Firm, PC, and Total Recovery Services, Inc., under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*. The Plaintiff's Complaint alleged that the Defendants violated the FDCPA by, *inter alia*, placing telephone calls without meaningfully disclosing the caller's identity; falsely representing the character, amount, or legal status of the Plaintiff's alleged debt; using false representations and deceptive practices in

connection with collection of an alleged debt from the Plaintiff; failing to notify the Plaintiff during each collection contact that the communication was from a debt collector; and misrepresenting that Defendant Total Recovery would be granted a judgment if the Plaintiff did not pay the alleged debt; all in violation of § 1692. (Compl. 5–13, ECF No. 1.) The Defendants filed an Answer [ECF No. 3] on August 1, 2012, and an Amended Answer [ECF No. 7] on August 2. On August 6, the Defendants served counsel for the Plaintiff with a Rule 68 Offer of Judgment [ECF No. 10-1], offering to allow judgment to be entered against them for $1,010.00, plus "[c]osts incurred by the Plaintiff as of the date of this Offer, including reasonabl[e] attorneys' fees to be determined by the Court." The Plaintiff accepted the Defendants' Offer of Judgment and filed a Notice of Acceptance [ECF No. 10] on August 20. The Clerk accordingly entered judgment against the Defendants on August 29. Because the parties were unable to reach an agreement concerning attorneys' fees and the Bill of Costs, the Plaintiff filed the Motion for Attorneys' Fees and Costs [ECF No. 12] on September 12.

## DISCUSSION

Plaintiffs who prevail under the FDCPA are entitled to an award of costs and reasonable attorneys' fees. 15 U.S.C. § 1692k(a)(3); *Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 856 (7th Cir. 2009). Such an award is mandatory. *Zagorski v. Midwest Billing Servs., Inc.*, 128 F.3d 1164, 1166 (7th Cir. 1997). The general rule for calculating attorneys' fee awards under fee shifting statutes is applicable to attorneys' fees awards under the FDCPA. *Gastineau v. Wright*, 592 F.3d 747, 748–49 (7th Cir. 2010). The starting point for calculating awards of attorneys' fees is the lodestar method, which requires

calculation of a reasonable hourly rate multiplied by the number of hours reasonably expended

on the litigation. *Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012). The Court may

exercise its discretion to "adjust [the lodestar] figure to reflect various factors including the

complexity of the legal issues involved, the degree of success obtained, and the public interest

advanced by the litigation." *Gastineau*, 592 F.3d at 748. "The standard is whether the fees are

reasonable in relation to the difficulty, stakes, and outcome of the case." *Connolly v. Nat'l Sch.*

*Bus. Serv., Inc.*, 177 F.3d 593, 597 (7th Cir. 1999) (quoting *Bankston v. Illinois*, 60 F.3d 1249,

1256 (7th Cir. 1995)). In determining a reasonable amount of attorneys' fees, "the district court

must demonstrate that it has considered the proportionality of attorneys' fees to the total damage

award." *Moriarty v. Svec II*, 233 F.3d 955, 963 (7th Cir. 2001). The Seventh Circuit has

mandated that district court orders should "evidence increased reflection before awarding

attorney's fees that are large multiples of the damages recovered or multiples of the damages

claimed." *Id.* at 968. Ultimately, the party seeking an award of attorneys' fees bears the burden

of proving the reasonableness of the hours worked and the hourly rates claimed. *Spegon v.*

*Catholic Bishop of Chi.*, 175 F.3d 544, 550 (7th Cir. 1999).


A.      **Reasonableness of Hourly Rates**

        Generally, a reasonable hourly rate for an attorney is based on what the attorney charges

and receives in the market from paying clients for the same type of work. *Pickett v. Sheridan*

*Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011). A plaintiff bears the burden of producing

satisfactory evidence that the hourly rate is reasonable and in line with those prevailing in the

community. *Id.* If a plaintiff satisfies this burden, the opposing party must offer evidence setting

forth "a good reason why a lower rate is essential." *Id.* (internal quotation and citation omitted).

The Plaintiff has provided the Court with a Statement of Services [ECF No. 12-11], a Firm Résumé [ECF No. 12-12], the Declaration of attorney Marshall Meyers [ECF No. 12-13], the Declaration of attorney Joe Panvini [ECF No. 12-14], a Consumer Law Attorney Fee Survey Report [ECF No. 12-15], the Declaration of attorney Todd Friedman [ECF No. 12-16], and a Bill of Costs [ECF No. 12-17]. These exhibits detail the time and work performed and the hourly rates charged. The Consumer Law Attorney Fee Survey Report contains an array of information on attorney fees charged in different United States jurisdictions. Attorney Friedman, in his Declaration, states that he finds the hours worked and rates charged by the Plaintiff's attorneys and paralegals to be reasonable based on his knowledge of similar federal consumer law cases. In his Motion for Attorneys' Fees and Costs, the Plaintiff also incorporates the Laffey Matrix 2003–2011, a matrix that lists the average billable rates for attorneys and paralegals in the Washington, DC, area based on years of experience. (Mot. for Attorneys' Fees and Costs 13–15, ECF No. 12.) *See Laffey v. Nw. Airlines, Inc.*, 572 F. Supp. 354, 371 (D.D.C. 1983) (comparing average hourly rates), *rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985). The Court has carefully reviewed these submissions.

The Plaintiff is represented by the law firm of Weisberg & Meyers, LLC. Attorney Marshall Meyers, attorney Joe Panvini, law clerk Andrew High, paralegal Tremain Davis, paralegal Cathy Bopp, and paralegal Tara St. Angelo actively participated in the representation of the Plaintiff in the instant lawsuit. (Statement of Services, ECF No. 12-11.) Attorney Meyers billed at a rate of $335/hour. (Meyers Decl. ¶ 10, ECF No. 12-13.) Attorney Panvini billed at a rate of $175/hour. (Panvini Decl. ¶ 8, ECF No. 12-14.) The law clerk and the paralegals billed at

a rate of $135/hour. (Mot. for Attorneys' Fees and Costs 11.)

The Defendants contend that the rates billed by the Plaintiff's attorneys and support staff are not reasonable. In support of this argument, the Defendants point to other cases from within the Seventh Circuit in which district courts approved lower hourly rates for attorneys and paralegals than those the Plaintiff requests. In his Reply, the Plaintiff asserts that he has presented sufficient evidence to establish the reasonableness of the requested hourly rates, and that the Defendants have failed to meet their burden to show "a good reason why a lower rate is essential." *Pickett*, 664 F.3d at 640 (quotation marks omitted). Distinguishing the cases cited by the Defendants, and citing many additional cases, the Plaintiff insists that the rates it requests are reasonable for the Northern District of Indiana. The Defendants argue that the Laffey Matrix is inapplicable to a fee determination in this district. The Defendants do not address the Consumer Law Attorney Fee Survey Report or attorney Friedman's Declaration. The Plaintiff does not respond to the Defendants' argument that the Laffey Matrix is inapplicable. The Defendants maintain that $225–250/hour would be appropriate for attorney Meyers, that $150/hour would be appropriate for attorney Panvini, and that $100/hour would be appropriate for the law clerk and paralegals. The Court will address each of the contested rates in turn.


1.      *Attorney Meyers*

First, the Defendants challenge attorney Marshall Meyers's hourly rate of $335.00. The Firm Résumé indicates that attorney Meyers is the managing partner of Weisberg & Meyers, and that he has devoted his entire career to consumer rights litigation. According to the Defendants, attorney Meyers became licensed to practice in 2000, and thus had approximately 12 years of

experience at the time of this litigation. The Defendants insist that a more reasonable rate for attorney Meyers would be $225–250/hour, while the Plaintiff maintains that $335/hour is appropriate given attorney Meyers's experience. The Plaintiff emphasizes that both attorney Friedman and the Consumer Law Attorney Fee Survey Report show that the requested rate for attorney Meyers is reasonable, and that the Defendants have failed to show why a lower rate is essential.

The Consumer Law Attorney Fee Survey Report from 2010-2011 "includes the Average Hourly Rates by Years in Practice Tables by Region because years in practice is a primary factor in the determination of a reasonable hourly rate. These tables report, on a regional basis, the average hourly rates according to only the number of years an attorney has been practicing law." (Consumer Law Attorney Fee Survey 2, ECF No. 12-15.) For purposes of the Report, Indiana is considered to be part of the Midwest region. According to the Report, the average hourly rate in the Midwest region for an attorney with eleven to fifteen years of experience is $430. (*Id.* 21.) With twelve years of experience, Meyers's hourly billing rate of $335 falls within the range of average hourly rates found in the Report.

Further, the Plaintiff cites the Laffey Matrix as another source of support for Meyers's billing rate of $335 per hour. For attorneys with eleven to nineteen years of experience, the Laffey Matrix provides for an hourly rate of $420 as of 2010–2011. (Mot. for Attorneys' Fees and Costs 15.) With twelve years of experience, Meyers's rate of $335 per hour is reasonable under the Laffey Matrix.

In *Moore v. Midland Credit Mgmt., Inc.*, No. 3:12-CV-166-TLS, 2012 WL 6217597 (N.D. Ind. Dec. 12, 2012), this Court recently analyzed the applicability of both the Consumer

Law Attorney Fee Survey Report and the Laffey Matrix. The Court found that the Report "provides a general range for billing rates that is useful as one factor in a court's multi-factor analysis." *Id.*, at \*4. Concerning the Laffey Matrix, the Court noted "the Seventh Circuit's direction to use caution in applying the Matrix," but determined that it would consider the Laffey Matrix "as one factor among many in its analysis." *Id.*, at \*5. The Court reiterates that both the Consumer Law Attorney Fee Survey Report and the Laffey Matrix are factors—but not dispositive factors—in its analysis. The Court will also look to attorney Meyers's experience, "personal affidavits, attorney biographies, past fee awards," *id.*, at \*4, and "the Court's own knowledge of local billing practices," *id.*, at \*5, in order to determine whether the Plaintiff has met his burden to produce satisfactory evidence that the rate requested is "in line with those prevailing in the community," *Pickett*, 664 F.3d at 640.

Here, the Court finds that attorney Meyers's billing rate of $335 is not in line with the rates prevailing in the Fort Wayne Division of the Northern District of Indiana. Although both the Consumer Law Attorney Fee Survey Report and the Laffey Matrix show that some attorneys with attorney Meyers's level of experience bill at rates exceeding $335/hour, the Court finds that the Report, which includes billing rates for Chicago and other larger metropolitan areas in its average, and the Laffey Matrix, which is focused on billing rates in Washington, DC, both fail to adequately describe prevailing rates in the Northern District of Indiana.[1] The Court also finds that attorney Friedman's Declaration is of little value to the Court in its determination because attorney Friedman is not licensed in Indiana nor does he indicate that he has any knowledge of

---

[1]Furthermore, the Report indicates that the Average Hourly Rates data are calculated based on "only the number of years an attorney has been practicing law" (Consumer Law Attorney Fee Survey Report 2010–2011, at 2, ECF No. 12-15), and not based on the type of case. Thus, Section 5 of the Report does not indicate the average billable rate in the Midwest region for consumer law cases.

the prevailing rates for FDCPA cases in the Fort Wayne Division. The Defendants note that, in the Plaintiff's Motion, the only case from Indiana cited by the Plaintiff to support attorney Meyers's requested rate was *Lemieux v. Guy*, No. 1:06-cv-0941-DFH-WTL, 2006 WL 3626555 (S.D. Ind. Nov. 20, 2006), in which the court approved hourly rates of $340, $310, and $200 for Chicago attorneys, and approved an hourly rate of $300 for an Indianapolis local counsel. The Court agrees with the Defendants that *Lemieux* is distinguishable. Concerning the Indianapolis counsel, the *Lemieux* court noted that he had submitted a "relatively modest fee request[]" and it could approve his requested rate in spite of his failure to submit data on Indianapolis attorney rates by practice area. Noting "these qualifications," the court stated that it should not "be interpreted as saying that these rates are necessarily reasonable for these attorneys in all similar cases." *Id.*, at *2. Because attorney Meyers is making more than a relatively modest fee request, and because he has failed to submit data on attorney rates by practice area in the Fort Wayne Division of the Northern District of Indiana, the Court finds that the rates approved in *Lemieux* do not militate for approving a $335/hour rate for attorney Meyers. The Defendants also cite *M.T. ex rel. Todd v. Accounts Recovery Bureau, Inc.*, No. 1:11-cv-969-WTL-DKL, 2012 WL 3764039 (S.D. Ind. Aug. 8, 2012), in which the Magistrate Judge recommended approving a $250/hour fee in a FDCPA case. *See M.T. ex rel. Todd v. Accounts Recovery Bureau, Inc.*, 2012 WL 3764039 (S.D. Ind. Aug. 28, 2012) (adopting report and recommendation). Although the Plaintiff notes that the *Todd* court did not find that a rate higher than $250/hour would have been inappropriate, the Court finds that the *Todd* court's analysis of a reasonable hourly rate for an FDCPA case in Indiana is helpful. *See Todd*, 2012 WL 3764039, at *2 ("there is some evidence indicating that $250.00 is an appropriate hourly rate for this type of work in this community").

Finally, the Defendants cite *Owens v. Howe*, 365 F. Supp. 2d 942, 948 (N.D. Ind. 2005), in which the Magistrate Judge found that $275/hour was inappropriate for an FDCPA case in Fort Wayne and instead awarded $225/hour. The Court agrees with the Defendant that *Owens* is distinguishable because it is over eight years old, and because the attorney in *Owens* conceded that his state court rate was $225/hour.

In his Reply, the Plaintiff cites three Indiana cases for the proposition that a $335/hour rate is reasonable for the Northern District of Indiana. But the Court finds those cases are also distinguishable either because the defendants did not object to the requested rate or because the courts actually approved rates well below $335/hour. *See Collins v. Bowman, Heintz, Boscia & Vician P.C.*, No. 1:10-cv-1629-JMS-TAB, 2012 WL 1142442, at *3 (S.D. Ind. Mar. 8, 2012) (Magistrate Judge recommending award of $300/hour in FDCPA case where defendant did not object to it), *report and recommendation adopted*, 2012 WL 1142560 (S.D. Ind. Apr. 4, 2012); *Staples v. Parkview Hosp., Inc.*, No. 1:07-CV-327, 2010 WL 780204 (N.D. Ind. Mar. 3, 2010) (finding a rate of $225/hour "well within the range of hourly rates listed in dozens of attorney fee applications this court has reviewed in recent years"); *Needham v. Innerpac, Inc.*, No. 1:04 CV 393, 2008 WL 5411638, at *4 (N.D. Ind. Dec. 24, 2008) (awarding attorney fees at rates of $240, $250, and $300/hour where the defendant did not challenge the "proposed rates as the prevailing market rates in the Fort Wayne area").

In *Moore*, this Court approved a billing rate of $285/hour for an attorney with six years of experience in consumer law, with an emphasis on FDCPA cases. *Moore*, 2012 WL 6217597, at *5. For the reasons discussed above, for the reasons discussed in *Moore*, and in light of the Court's own knowledge of local billing practices, the Court finds that $285/hour is a reasonable

rate for an experienced consumer law attorney in an FDCPA case in the Fort Wayne Division.
Accordingly, the Court rejects attorney Meyers's requested $335/hour rate and will award him
attorney fees at the rate of $285/hour.


2.      *Attorney Panvini*

Next, the Defendants challenge attorney Joe Panvini's hourly rate of $175. The Firm
Résumé indicates that attorney Panvini focuses his practice primarily on FDCPA litigation.
According to the Defendants, Panvini was licensed to practice law in January 2011, so at the
time of this litigation he had fewer than two years of experience. The Defendants therefore
argue, citing *Gastineau v. Wright*, 592 F.3d 747 (7th Cir. 2010), that an hourly rate of $150
would be more appropriate. *See id.* at 749 (approving the district court's decision to lower an
attorney's hourly rate "from $250 to $150 based on his lack of experience"). The Plaintiff points
out that *Gastineau* is distinguishable because it involved an attorney who was trying his first
FDCPA case, who entered an appearance only after the conclusion of significant discovery and
motions practice, and who billed "a substantial portion of the hours billed . . . to compensate
him[self] for learning this area of the law." *Id. See Young v. Accounts Recovery Bureau, Inc.*, No.
1:11-cv-255-WTL-DKL, 2012 WL 3764014, at *2 (S.D. Ind. Aug. 8, 2012) (distinguishing
*Gastineau*).

The Court agrees with the Plaintiff that $175/hour is a reasonable rate for an attorney
with fewer than two years of practice in an FDCPA case in the Fort Wayne Division. According
to the Consumer Law Attorney Fee Survey Report from 2010–2011, the average hourly rate in
the Midwest region for an attorney with one to three years of experience is $287. (Consumer

Law Attorney Fee Survey Report 21.) Under the Laffey Matrix, an attorney with one to three years of experience in 2010–2011 billed approximately $230/hour. Attorney Panvini's requested rate of $175/hour puts him well below the ranges suggested by the Report and the Laffey Matrix. For many of the reasons discussed with respect to attorney Meyers, and in light of the Court's own knowledge of billing practice in the Fort Wayne Division, the Court finds that attorney Panvini's requested rate of $175/hour is reasonable.

3.      *The Law Clerk and Paralegal Rate*

The Plaintiff requests a rate of $135/hour for services performed by law clerk Andrew High, paralegal Tremain Davis, paralegal Cathy Bopp, and paralegal Tara St. Angelo. The Defendants cite thirteen different cases, none more recent than 2007, in which district courts within the Seventh Circuit approved paralegal fee rates of $95 or $100/hour. Accordingly, the Defendants argue that $100/hour is a more appropriate rate for law clerk and paralegal services. The Plaintiff argues that in 2010 this Court found paralegal fees of $125/hour to be reasonable. *Martin v. Fin. Recovery Ctr., Inc.*, No. 2:10-CV-109-PPS-PRC, 2010 WL 4318830, at *3 (N.D. Ind. Oct. 20, 2010) (approving $125/hour paralegal fee request) (citing *Farrar v. Receivable Mgmt. Servs.*, No. 09 CV 149, 2010 WL 2720786, at *5 (S.D. Ill. Jul 8, 2010)). The Plaintiff, therefore, argues that fees of $135/hour are reasonable in this region.

In *Moore*, this Court found that paralegal fees of $140/hour were reasonable. 2012 WL 6215797, at *17. It appears that the prevailing rates for paralegal services in this area have risen over time. The Plaintiff has met its burden to show that a $135/hour rate is in line with community practice. The Defendants have failed to show why a lower rate is essential.

Accordingly, based in part on the Court's knowledge of local billing rates, the Court finds that a rate of $135/hour is reasonable for law clerk and paralegal services in the Fort Wayne area.

## B.     Reasonableness of the Hours Expended

Having determined the appropriate hourly rates for Plaintiff's attorneys and support staff, the Court must now assess the time entries to exclude any hours deemed "'excessive, redundant or otherwise unnecessary.'" *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 708 (7th Cir. 2001) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If the prevailing party fails to exercise the proper billing judgment, a court should exclude from the fee calculation "hours that were not 'reasonably expended.'" *Id.* The Defendants challenge five of the entries in the Plaintiff's Statement of Services.[2] The Court will examine these entries in turn.

### 1.     *The Five Challenged Entries*

a.     *April 11 Entry—Attorney Joe Panvini*

First, the Defendants challenge Weisberg & Meyers's billing of 0.1 hours for attorney Panvini to "review and respond to email from client regarding status of case in small claims court." (Statement of Services, ECF No. 12-11 at 6.) The Defendants point out that the status of

---

[2]The Defendants also state that "[m]any of the time entries" in the Statement of Services "are unreasonable and should not be compensated." (Resp. 4, ECF No. 13.) The Defendants list five entries specifically, but state that the deficient entries "are not necessarily limited to" those five entries. (*Id.*) This conclusory argument is insufficient. "[T]hose opposing fee applications have obligations, too. In order for courts to carry out their duties in this area, objections and proof from fee opponents concerning hours that should be excluded must be specific and reasonably precise." *Parkview Hosp.*, 2010 WL 780204, at *4. Because the Defendants' general argument that many of the entries in the Statement of Services are unreasonable is not specific and reasonably precise, the Court will only examine the five entries to which the Defendants have raised specific objections.

the underlying debt is irrelevant to alleged FDCPA violations. The Plaintiff replies that the time spent conferring on the status of the underlying collection suit "was necessary because the FDCPA allegations arose in part from Defendants' conduct in pursuing the collection suit." (Reply 7, ECF No. 14.)

The Court agrees with the Defendants that the Plaintiff may not recover attorney fees for time spent defending in the underlying collection suit. *See Lemieux*, 2006 WL 3626555, at \*4 ("it is not appropriate to bill defendants in this case for time spent on defense of the underlying collection action"). The Plaintiff has cited no authority for the proposition that where one of the FDCPA claims in a complaint relates to the underlying collection suit, a plaintiff may recover attorney fees for defense of that underlying action. Here, the Plaintiff alleged that a representative of the Defendants falsely informed him that if he did not pay his debt by a certain date, he would have a judgment entered against him in the underlying suit. (Compl. ¶¶ 23–27.) These alleged facts may have constituted a claim under the FDCPA. But the Plaintiff has not shown why such an FDCPA claim, once asserted, makes the Defendants liable for the Plaintiff's defense in the underlying action. Accordingly, the Court will not award attorney fees for this challenged entry.

b.      *May 11 Entry—Paralegal Tara St. Angelo*

The Defendants next challenge a May 11 entry by paralegal St. Angelo, stating that the services described "seem[] more clerical than legal." (Resp. 5.) The challenged entry reads in its entirety:

> Review attorney assignment sheet; prepare draft of complaint; prepare exhibits; prepare summons; complete civil cover sheet; prepare letter to client with copy of

13

complaint and explanation that Defendant usually refuses to engage in settlement until filed; contact corporation commission to obtain registered agent information for defendant; memo to attorney for review and approval.

(Statement of Services 5.) The Plaintiff replies that some clerical tasks require the oversight of a trained paralegal. *See A.M. ex rel. Mundy v. Accounts Recovery Bureau, Inc.*, No. 1:11-cv-929-WTL-DKL, 2012 WL 3764034, at *4 (S.D. Ind. Aug. 8, 2012) (finding that "the time spent electronically filing court documents should not be characterized merely as clerical or administrative in nature"). The Plaintiff does not specify which of the challenged activities in the May 11 entry required the oversight of a trained paralegal.

Generally, attorney or paralegal time should not be charged for administrative tasks. *Spegon*, 175 F.3d at 553. In determining whether a task is administrative in nature, the relevant inquiry is "whether the work was sufficiently complex to justify the efforts of a paralegal, as opposed to an employee at the next rung lower on the pay-scale ladder." *Id.* Courts in the Seventh Circuit have identified a variety of tasks as being administrative in nature, including organizing file folders, document preparation, copying or faxing documents, scheduling matters, and mailing letters. *See, e.g., id.* (approving of district court's denial of entry for updating an attorney's "case list" and calendar, holding conferences with a paralegal, and approving of district court's decision to reduce paralegal's fees by half for time spent organizing file folders, document preparation, and copying documents); *Pace v. Pottwattomie Country Club Inc.*, 3:07–CV–347 RM, 2009 WL 4843403, at *13 (N.D. Ind. Dec. 11, 2009) ("The court agrees, however, that certain tasks performed were of a clerical nature, such as: sending pleadings to client; review of appearances, summons, waiver of service and other similar documents; payment to EEOC; drafting cover sheets; and filing documents with the court. Although some of

these tasks were performed by a paralegal, they are clerical in nature and cannot be part of the fee award."); *Firestine v. Parkview Health Sys., Inc.*, 374 F. Supp. 2d 658, 667 (N.D. Ind. 2005) (reducing time billed by paralegal on similar activities found to be administrative in nature).

The Court agrees with the Defendants that St. Angelo's contacting the corporation commission in order to obtain registered agent information for the Defendants is clerical in nature, and does not require the services of a trained paralegal. Accordingly, the Court will reduce the May 11 fee request by 0.2 hours. *See Moore*, 2012 WL 6217597, at *12 (reducing a paralegal billable hours request by 0.2 hours where the bill included "researching the location of the Defendant"). Further, the Court finds that preparation of a letter to the client with a copy of the Complaint is also clerical and should not be billed as part of a fee award. The Court will therefore reduce the May 11 fee request by an additional 0.2 hours. *See Spegon*, 175 F.3d at 553 (affirming district court's decision to disallow paralegal fees for document preparation); *Pace*, 2009 WL 4843403, at *13 (disallowing paralegal fees for time spent "sending pleadings to client").

c.      *May 15 and May 17 Entries—Attorney Joe Panvini*

The Defendants challenge two entries by attorney Panvini on May 15 and 17. The May 15 entry indicates that attorney Panvini received an email from the client concerning a court date in the underlying debt action, discussed it with attorney Meyers, and emailed a draft complaint to counsel for the Defendants in an effort to settle this matter without filing in federal court. The May 17 entry states that attorney Panvini received, reviewed, and saved to file an email from the client concerning the underlying debt action, then noted it to the file for attorney Meyers. The

Defendants argue that these actions concerning the underlying debt case are irrelevant and should not be reimbursed as part of this FDCPA fee shifting claim.

For the reasons stated above, the Court agrees with the Defendants that attorney Panvini's actions concerning the underlying debt matter should not be billed in this FDCPA case. The Court will therefore disallow the 0.1 hours listed in the May 17 entry because it appears to have solely concerned the underlying debt action. However, the May 15 entry, while precipitated by the underlying debt, appears to describe actions attorney Panvini took in an effort to negotiate this present FDCPA case. The Court will therefore allow the 0.3 hours listed in the May 15 entry pursuant to § 1692k.

d. *May 21 Entry—Paralegal Tara St. Angelo*

The Defendants next challenge a May 21 entry for paralegal St. Angelo, arguing again that some of the activities listed in the entry "seem[] more clerical than legal." (Resp. 5.) The May 21 entry reads as follows:

> Print complaint and initiating documents for attorney signature; scan and save complaint and initiating documents to client's electronic file; create cover letter to clerk of court to accompany complaint; mail original complaint and initiating documents with appropriate copies to the court for filing with return envelope for conformed copies.

(Statement of Services 5.) The Plaintiff's general response is the same as above—that certain clerical tasks require the oversight of a trained paralegal. The Plaintiff does not specify which clerical tasks listed in the May 21 entry required the oversight of a trained paralegal.

The Court agrees with the Defendants that printing, scanning, and saving documents are clerical tasks, not appropriate for paralegal fee reimbursement. *See Moore*, 2012 WL 6217597, at

*12 (stating that copying and faxing documents are administrative tasks not appropriate for fee reimbursement). Consistent with *Moore*, however, the Court finds that drafting a civil cover sheet and mailing the appropriate documents to file the Complaint in this Court are tasks requiring some degree of legal training, and the Court will approve fee reimbursement for the time spent performing those actions. *See id.*, at *13. Accordingly, the Court will allow 0.2 hours from the May 21 entry for paralegal St. Angelo and disallow the remaining 0.2 hours.

e.      *July 2, July 17, and July 23 Entries—Paralegal Cathy Bopp*

Finally, the Defendants challenge three entries dated July 2, July 17, and July 23 for services rendered by paralegal Cathy Bopp. The entries indicate that paralegal Bopp spoke to and corresponded with the individual responsible for formal service of process on the Defendants in this matter. Each entry is for 0.1 hours. The Defendants argue that these were administrative services, and were unnecessary because the Plaintiff could have requested waiver of service of process under Federal Rule of Civil Procedure 4(d). The Plaintiff offers no specific response, again arguing in general that certain administrative tasks require the oversight of a trained paralegal.[3]

"[C]alls made to hire process servers" are administrative and clerical. *Kaylor-Trent v. John C. Bonewicz, P.C.*, — F. Supp. 2d —, No. 11-3332, 2013 WL 120573 (C.D. Ill. Jan. 9, 2013). *See also Pace*, 2009 WL 4843403, at *13 (stating that tasks such as review of "waiver of service and other similar documents" are clerical in nature). The Plaintiff has provided no

_____

[3]The Plaintiff also offers a response to the Defendants' Rule 4(d) argument, which the Court will discuss below.

support for its general argument that these contacts with the process server required the attention of a trained paralegal. Accordingly, because it appears each of these entries represents a clerical function, the Court will disallow reimbursement for the July 2, July 17, and July 23 entries in the Statement of Services.[4]

2.       *Entries After the Date of the Rule 68 Offer of Judgment*

The Offer of Judgment in this case explicitly limits the fees to be awarded by stating that the proposed judgment, if accepted, will include: "[c]osts incurred by the Plaintiff as of the date of this Offer, including reasonabl[e] attorneys' fees to be determined by the Court." (Offer of J., ECF No. 10-1.) The Offer of Judgment is dated August 6, 2012.

In his Motion for Attorneys' Fees and Costs, the Plaintiff argues that he should be allowed attorney fees for the time spent preparing and litigating the attorneys' fee petition. For this proposition, he cites only one Seventh Circuit case, which generally discusses the awarding of attorneys' fees in the context of a Fair Housing Act claim. *See Hairston v. R & R Apartments*, 510 F.2d 1090, 1093 (7th Cir. 1975). He also cites a decision from the Southern District of Florida, in which the district court analyzed Rule 68(d) and concluded that where a plaintiff had declined a Rule 68 offer of judgment and had subsequently failed to obtain a more favorable judgment at trial, the plaintiff could nevertheless recover attorney fees incurred after the date of the offer of judgment because the FDCPA "explicitly distinguishes attorney's fees from awardable costs." *Valencia v. Affiliated Grp., Inc.*, 674 F. Supp. 2d 1300, 1304 (S.D. Fla. 2009).

---

[4]For the reasons discussed below, the Court rejects the Defendants' argument that any billed time involving formal service of process is not reimbursable in an FDCPA attorney fee claim because of the availability of waiver of process under Rule 4(d).

This is not a case, however, in which a plaintiff declined a Rule 68 offer of judgment. On the contrary, the Plaintiff accepted the Defendants' Rule 68 Offer of Judgment, an offer served upon the Plaintiff on August 6, 2012.

Courts interpret Rule 68 offers of judgment using contract principles. *Decker v. Transworld Sys., Inc.*, No. 09 C 50073, 2009 WL 2916819, at *2 (N.D. Ill. Sept. 1, 2009) (citing *Webb v. James*, 147 F.3d 617, 620 (7th Cir. 1998), *Guerrero v. Cummings*, 70 F.3d 1111, 1113 (9th Cir. 1995)). "When an offer of judgment unambiguously limits recovery of attorney's fees, courts should honor that limitation." *Stephens v. Cirrincione*, No. 11 C 6354, 2012 WL 2872448, at *3 (N.D. Ill. July 11, 2012) (citing *Decker*, 2009 WL 2916819, at *2 (citing *Norby v. Anchor Hocking Packaging Co.*, 199 F.3d 390, 392 (7th Cir. 1999)); *see also Classic Cheesecake Co. v. JPMorgan Chase Bank*, No. 1:05-cv-0236-WTL-JDT, 2007 WL 3285806, at *3 (S.D. Ind. Nov. 5, 2007) (describing the effect of Rule 68: "the preclusion of all fees and costs incurred after the date of the offer"); *but see Lasswell v. City of Johnston City*, 436 F. Supp. 2d 974, 981 (S.D. Ill. 2006) (awarding attorney fees for time between date the offer of judgment was served on plaintiff and date plaintiff accepted the offer of judgment because it found the phrase "costs accrued to date" to be ambiguous).

Here, the Defendants unambiguously offered the Plaintiff a judgment consisting of $1,010.00 in statutory and compensatory damages, and costs "as of the date of this Offer, including reasonabl[e] attorneys' fees." The Plaintiff accepted the Offer of Judgment, which was clearly dated August 6, 2012. Therefore, the Plaintiff agreed that he would not recover attorneys' fees for services rendered after August 6, 2012. The Court does not find that the phrase "as of the date of this Offer" in the Offer of Judgment was ambiguous. Using principles of contract

interpretation, *Norby*, 199 F.3d at 392, the Court finds that the offer and the acceptance were clear. Therefore, because the Plaintiff unambiguously agreed to limit his recovery of attorneys' fees as of August 6, *Stephens*, 2012 WL 2872448, at *3, the Court will disapprove the Plaintiff's request for recovery of fees after August 6, 2012.

**C.** **The Bill of Costs**

The Plaintiff's Bill of Costs lists only two sums to be taxed. (*See* Bill of Costs, ECF No. 12-17.) First, the Plaintiff requests $350 for fees of the Clerk. Second, the Plaintiff requests $75 for fees for service of summons and subpoena. The Defendants object only to the service of process fee, arguing that because the Plaintiff could have requested a waiver of formal service of process under Rule of Civil Procedure 4(d), the Court should decline to tax the formal service of process fee of $75. The Defendants cite *Lemieux*, in which the court stated that the service of process fee "was unnecessary in light of the procedure available under Rule 4(d) of the Federal Rules of Civil Procedure" and therefore disallowed the service of process fee. 2006 WL 3626555, at *5. The Plaintiff replies that a fee for service of process is "a cost that is clearly allowed by 28 U.S.C. § 1920." (Reply 7.) Moreover, the Plaintiff argues that he did attempt to expedite this litigation by sending counsel for the Defendants a draft complaint prior to filing suit. The Plaintiff also argues that a plaintiff hoping to expedite litigation should effect formal service of process so that a defendant must file an answer within 21 days of service under Rule 12(a)(1)(A)(i) instead of the 60 days allowed after a Rule 4(d) waiver under Rule 12(a)(1)(A)(ii).

Federal Rule of Civil Procedure 54(d)(1) states that "costs—other than attorney's fees—should be allowed to the prevailing party." The Seventh Circuit has stated that Rule 54(d)

"creat[es] a strong presumption that the prevailing party will recover costs." *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). The burden is on the losing party to overcome that presumption. *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991); *Delta Air Lines, Inc. v. Colbert*, 692 F.2d 489, 490 (7th Cir. 1982). A district court's discretion in finding that this presumption has been overcome is "narrowly confined." *Congregation of the Passion v. Touche*, 854 F.2d 219, 222 (7th Cir. 1988). Specifically, the Seventh Circuit has "recognized only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother & Father*, 338 F.3d at 708. A district court may only deny costs to a prevailing party if it "states good reasons for denying them." *Congregation of the Passion*, 854 F.2d at 222.

"[I]n assessing a bill of costs, [a] district court must determine whether the costs are allowable and, if so, whether they are both reasonable and necessary." *Soler v. Waite*, 989 F.2d 251, 255 (7th Cir. 1993). *See Bitler Inv. Venture II, LLC v. Marathon Petroleum Co.*, No. 1:04-CV-477-TLS, 2013 WL 359014, at *2 (N.D. Ind. Jan. 29, 2013) (discussing objections to a bill of costs); *Barton v. Zimmer, Inc.*, No. 1:05-CV-208-TS, 2010 WL 3168403, at *1 (N. D. Ind. Aug. 10, 2010) (discussing an award of costs under Rule 54(d))*; Moore v. Univ. of Notre Dame*, 22 F. Supp. 2d 896, 913 (N.D. Ind. 1998) ("[I]n order to award costs to the prevailing party, the court must determine that the expenses are allowable and reasonable, both in amount and necessity to the litigation."); *see also Majeske v. City of Chi.*, 218 F.3d 816, 824 (7th Cir. 2000) (discussing reasonableness of a cost to be taxed against a losing party).

According to 28 U.S.C. § 1920, which defines the term "costs" as it is used in Rule 54(d),

"[f]ees of the . . . marshal" are recoverable. "Although private process servers are not specifically allowed for under 28 U.S.C. § 1920, the Seventh Circuit has held that private process servers are taxable as costs under 28 U.S.C. § 1920(1) provided that their rates do not exceed what it would cost to have the U.S. Marshals effectuate service of process." *Local 881 United Food & Commercial Workers Union v. Food Club of Ind.*, No. 2:11-CV-161-TLS, 2011 WL 3501721, at *3 (N.D. Ind. Aug. 10, 2011) (citing *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996)). According to 28 C.F.R. § 0.114(a)(3), the United States Marshals Service charges $55/hour plus travel costs and out-of-pocket expenses to execute formal service of process. The Defendants have not suggested that the $75 fee for service of process exceeds what the Marshals Service would have charged. Accordingly, the Court finds that the $75 charge is allowable under § 1920.

The Court must now determine whether the $75 charge for formal service of process was "both reasonable and necessary." *Soler*, 989 F.2d at 255. Although the *Lemieux* court declined to tax the cost of formal service of process, another district court within the Seventh Circuit found such costs taxable. *See Marcus & Millichap Real Estate Inv. Servs. Inc.*, No. 07 C 5369, 2010 WL 145785, at *8 (N.D. Ill. Jan. 12, 2010). The *Marcus & Millichap* court found the argument that the cost of formal service should be disallowed because of the availability of waiver under Rule 4(d) to be "meritless," stating that "Rule 4(d) does not require" a plaintiff to informally serve a defendant or to "inquire whether he would agree to service in such a manner." *Id.*; *see also Montgomery Cnty. v. Microvote Corp.*, No. 97-6331, 2004 WL 1087196, at *4 (E.D. Pa. May 13, 2004) (taxing formal service of process costs in spite of Rule 4(d) argument). The *Marcus & Millichap* court also noted that at the time of formal service of process there was "no

guarantee" that the defendant would cooperate with the plaintiff by waiving formal service under Rule 4(d).

The Court finds that the $75 fee for formal service of process was reasonable and necessary to the litigation. The Defendants have not met their burden to overcome the strong presumption that a process server fee is recoverable. *Mother & Father*, 338 F.3d at 708; *M.T. Bonk Co.*, 945 F.2d at 1409. By the time the Plaintiff filed suit in this matter, his attorneys had submitted two different offers to settle the dispute, both of which had been rejected. Additionally, the Plaintiff's attorneys had sent two subsequent emails to the Defendants, and the Defendants had responded to neither. As in *Marcus & Millichap*, it was reasonable for the Plaintiff to effect formal service of process on the Defendants because the Plaintiff had no reason to believe that the Defendants would cooperate, and because the Federal Rules of Civil Procedure do not require a plaintiff to ask a defendant to consent to informal service before proceeding with formal service. Furthermore, as the Plaintiff notes, a party wishing to expedite litigation may reasonably choose formal service of process in order to ensure a speedy answer under the Rules. For all these reasons, the Court finds that a $75 charge for formal service of process was reasonable and necessary in this case, and the Court will overrule the Defendants' objection to this charge in the Bill of Costs.

## CONCLUSION

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART the Plaintiff's Motion for Attorneys' Fees and Costs [ECF No. 12]. The Court finds that $285 per hour was a reasonable billing rate for attorney Meyers; that $175 per hour was a reasonable

billing rate for attorney Panvini; that $135 per hour was a reasonable billing rate for the law clerk and the paralegals; that certain time entries in the Statement of Services should be disapproved because they relate to the underlying debt action or because they request reimbursement for clerical work; that any fees after August 6, 2012, the date of service of the Offer of Judgment, are not recoverable; and that the $75 charge for formal service of process is properly taxable as part of the Bill of Costs. In total, Weisberg & Meyers may bill for 8.1 hours[5] of attorney work and 1.8 hours[6] of paralegal work. Therefore, the Court, in its discretion, awards the Plaintiff attorney fees in the amount of $2,012.50[7] plus $425 in taxable costs pursuant to the Bill of Costs.

SO ORDERED on May 3, 2013.

s/Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[5] 3.2 hours (Meyers) + 4.9 hours (Panvini) = 8.1 hours

[6] 1.8 hours (St. Angelo). Hours for paralegal Bopp, paralegal Davis, and law clerk High are all reduced to zero as a result of the Court's rulings.

[7] 3.2 hours x $285/hour + 4.9 hours x $175/hour = $1,769.50 (Attorney Work). 1.8 hours x $135/hour = $243.00 (Paralegal work). $1,769.50 (Attorney work) + $243.00 (Paralegal work) = $2,012.50 (Total). The Court finds that this amount of attorneys' fees is reasonable in relation to the $1,010.00 award of statutory and compensatory damages. *See Moriarty*, 233 F.3d at 968.